IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BRIAN CHAPMAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**MOBILEHELP, LLC**, a Florida company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Brian Chapman ("Plaintiff" or "Chapman") brings this Class Action Complaint and Demand for Jury Trial against Defendant MobileHelp, LLC ("Defendant" or "MobileHelp") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Chapman, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Brian Chapman is an individual.

2. Defendant MobileHelp is a limited liability company headquartered in Boca Raton, Florida.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant is headquartered in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant engaged in the wrongful conduct from this District.

## INTRODUCTION AND COMMON ALLEGATIONS

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. Defendant MobileHelp sells medical alert systems to consumers.

8. Defendant MobileHelp makes cold calls to prospective consumers to see if they are interested in buying Defendant's products or services.

9. Defendant MobileHelp uses pre-recorded voice message calls, despite having never obtained the necessary consent required to place the calls.

10. For example, in Plaintiff Chapman's case, the Defendant placed multiple pre-recorded calls to Chapman's cell phone despite the fact that Chapman never consented to receive such calls.

11. There are numerous complaints posted online about unsolicited telemarketing calls consumers received from or on behalf of Defendant MobileHelp, including pre-recorded voice message calls, for instance:

- > Telemarketer reported by SIA User
  > trying to sale medical alert crap
  >
  > Company reported by SIA User
  > Mobile help, medical alert device, (www.mobilehelp.com)
  >
  > Company reported by SIA User
  > Mobile Help
  >
  > tried to call back and call won't go through, unauthorized to mak (Nuisance call) reported by SKC
  > tried to call back and call won't go through, unauthorized to make call !!! what??? this has to stop!!!! [1]

12. Defendant MobileHelp hires employees to engage in cold calling, including using dialers with the capacity to deliver prerecorded voice messages, without ever obtaining their prior express written to place such calls:

- This job post by Defendant MobileHelp, on their website (https://www.mobilehelp.com/pages/careers) for the role of Sales Consultant seeks to hire people with "proven successful call center sales experience. (Five9 dialer experience is a plus)", who "enjoys interacting with customers over the phone." Defendant MobileHelp "provides the leads" to the sales consultant who "would be responsible for closing inbound and outbound sales.." [2]

13. In response to these calls, Plaintiff Chapman files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

---

[1] https://www.shouldianswer.com/phone-number/8008001710
[2] https://workforcenow.adp.com/mascsr/default/mdf/recruitment/recruitment.html?cid=918dc462-eea5-46d1-ad0e-ef7ac109fb1c&ccId=19000101_000001&jobId=394478&lang=en_US&source=CC4

## PLAINTIFF CHAPMAN'S ALLEGATIONS

14. Plaintiff Chapman registered his residential phone number with the National Do Not Call Registry in May of 2021.

15. Despite this, the Plaintiff received pre-recorded calls from from the Defendant on at least August 2 and 4 and September 16, 2021.

16. The pre-recorded message advertised medical alert services.

17. These are services that Mobile Help offers.

18. The call was pre-recorded because there was an audible click and delay before a generic recorded message played.

19. Following the pre-recorded message, the Plaintiff spoke with an agent by the name of Wendy Chandler.

20. Ms. Chandler explained that she was an employee of Mobile Help.

21. Ms. Chandler then told the Plaintiff that he was going to be getting an e-mail regarding the offer that he was given on the call.

22. The Plaintiff then received an e-mail from the Defendant that contained the following advertisement:



23. The unauthorized solicitation telephone calls that Plaintiff received from Defendant have harmed Plaintiff Chapman in the form of annoyance, nuisance, and invasion of privacy, in addition to the wear and tear on the phone's hardware (including the phone's battery), the consumption of memory on the phone.

24. Seeking redress for these injuries, Plaintiff Chapman, on behalf of himself and the class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

25. Plaintiff Chapman brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant MobileHelp, or any third party acting on their behalf, called (2) on their cellular telephone number (3) using the same or a similar artificial or pre-recorded voice messages used to call Plaintiff.

26. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

27. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant MobileHelp placed pre-recorded voice message calls to Plaintiff Chapman and members of the Pre-recorded No Consent Class without first obtaining the express written consent to make the calls;

   (b) whether the calls constitute a violation of the TCPA;

   (c) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

28. **Adequate Representation**: Plaintiff Chapman will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class

actions. Plaintiff Chapman has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Chapman and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Chapman nor her counsel have any interest adverse to the Class.

29. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Chapman. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

<u>**COUNT I**</u>
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Chapman and the Pre-recorded Class)**

30. Plaintiff Chapman repeats and realleges the allegations from paragraphs 1-29 and incorporates them by reference herein.

31. Defendant MobileHelp transmitted unwanted telephone calls to Plaintiff Chapman and the other members of the Pre-recorded Class using a pre-recorded voice message.

32. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Chapman and the other members of the Pre-recorded Class.

33. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Chapman and the other members of the Pre-recorded Class are each

entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Chapman requests a jury trial.

**BRIAN CHAPMAN**, individually and on behalf of all others similarly situated,

Dated: October 24, 2023

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881